UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ALBERT TRAVIS SPAULDING,  §<br>    *Plaintiff*, §<br> §<br>*vs.* §<br> §<br>MATTHEW C. MAY, *in personam*, and M/Y §<br>PICKINGARB, her engines, tackle, §<br>equipment, electronics, rigging, furniture, §<br>appurtenances, etc., *in rem*, §<br>    *Defendants*. § | C.A. NO. _____<br><br>IN ADMIRALTY – RULE 9(h) |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE UNITED STATES DISTRICT/MAGISTRATE JUDGE:**

Plaintiff, ALBERT TRAVIS SPAULDING, files this Original Complaint complaining of Defendants MATTHEW C. MAY, *in personam*, and the *M/Y PICKINGARB*, her engines, tackle, equipment, electronics, rigging, furniture, appurtenances, etc., *in rem*, (hereinafter sometimes collectively "Defendants"), and for causes of action would respectfully show unto this Honorable Court as follows:

**I.**
**JURISDICTION AND VENUE**

1.01   This is a case of admiralty and maritime jurisdiction within the meaning of Article III, Section 2 of the United States Constitution, 28 U.S.C. § 1333, Rule 9(h) of the Federal Rules of Civil Procedure.

1.02   Venue is proper in this Court under 28 U.S.C. § 1391(b)(2), as the substantial part

1

of the events or omissions giving rise to the claim occurred within the Southern District of Texas.

## II.
## PARTIES

2.01   Plaintiff, ALBERT TRAVIS SPAULDING, is a resident of Texas.

2.02   Defendant *in personam* MATTHEW C. MAY is, upon information and belief, a natural person and resident of Texas.  Defendant MATTHEW C. MAY may be served with process at his residence located at 4603 Drake Falls Ct., Katy, Texas 77450, or wherever he may be found.

2.03   Defendant *in rem M/Y PICKINGARB*, her engines, tackle, equipment, electronics, rigging, furniture, appurtenances, etc., is, upon information and belief, presently in the possession and custody of the Texas Parks & Wildlife Department in Port O'Connor, Texas, and is and will remain within the jurisdiction of this District during the pendency of these proceedings.

## III.
## FACTS

3.01   On or about the evening of August 24, 2018, Plaintiff, ALBERT TRAVIS SPAULDING ("Plaintiff"), was boating/fishing with his six year-old and twenty-four year-old sons on his 26-foot Majek bay boat.  At approximately 7:45 p.m. local time, Plaintiff and his two sons were on Plaintiff's boat in the Intracoastal Waterway ("ICW"), slightly east of the entrance to the "Sanctuary" in Port O'Connor, Texas, approximately 50 feet from the north bank of the ICW.   Plaintiff's boat was underway, but not making way, and was exhibiting proper navigational lights pursuant to 33 CFR, Part 83, Subpart C.  While doing so, suddenly,

2

unexpectedly, and without warning, the *M/Y PICKINGARB* (United States Coast Guard No. 1265242) (hereinafter sometimes, the "Vessel") moving at significant speed collided into the port side (vessel's left side) of Plaintiff's boat at approximately amidships, and proceeded over and past Plaintiff's boat.  The force of the collision and impact caused severe and potentially life-threatening injuries to Plaintiff, and resulted in the sinking of Plaintiff's boat.  Upon information and belief, at all times relevant hereto, Defendant MATTHEW C. MAY was the owner and/or operator of the *M/Y PICKINGARB*, which collided into Plaintiff's boat.

3.02   The United States Coast Guard ("USCG") responded to the collision with aircraft and boat crews, and rescued Plaintiff and his sons.  Upon information and belief, the USCG arranged emergency air transportation for Plaintiff to a Houston-area hospital for emergency treatment of his injuries.  Upon further information and belief, the USCG and/or Texas Parks & Wildlife Department ("TPWD") salvaged Plaintiff's foundered boat, and took and retain possession and control of Plaintiff's boat and of the *M/Y PICKINGARB*.

3.03   At all times material hereto, both Plaintiff's boat and the *M/Y PICKINGARB* were operating within the inland waters of the United States.  Defendants and/or their crew, officers, agents, servants, and/or employees were responsible for operating the *M/Y PICKINGARB* in accordance with the rules Set forth in 33 CFR, Part 83, and as established by the Inland Navigation Rules Act of 1980 and the technical annexes established under that Act.

## IV.
## CAUSES OF ACTION

### Count I:  General Maritime Negligence

4.01   Plaintiff re-alleges each and every allegation set forth in Paragraphs 3.01 – 3.03 above.

4.02    Plaintiff would show that MATTHEW C. MAY, *in personam*, and the *M/Y PICKINGARB*, *in rem*, her crew, officers, agents, servants, and/or employees are liable and accountable for the collision, and Plaintiff's injuries and damages, in that same resulted from, and was caused solely and exclusively by the fault, omission, and/or otherwise negligent and wrongful conduct of said Vessel, her crew, officers, agents, servants, and/or employees; including, but not limited to one or more of the following particulars:

(a)    The *M/Y PICKINGARB* was unseaworthy;

(b)    The *M/Y PICKINGARB* was in the charge of incompetent officers and crew;

(c)    Failing to keep a proper lookout as required;

(d)    Failing to operate the *M/Y PICKINGARB* in a reasonably safe and prudent manner under the circumstances leading up to the moment the *M/Y PICKINGARB* struck and ran over Plaintiff's boat;

(e)    Failing to make proper use of the *M/Y PICKINGARB*'s navigational equipment;

(f)    Failing to operate the *M/Y PICKINGARB* at a safe speed under the prevailing circumstances and conditions;

(g)    Failing to timely observe and take the necessary and proper action to avoid collision with Plaintiff's boat;

(h)    Failing to sound the whistle signals required in the circumstances;

(i)    Failing to sound the whistle signals required at the proper time;

(j)    Said Vessel failed to adhere to applicable Inland Navigation Rules; and

(k)    Other acts so deemed negligent, particulars to be shown at trial of this cause.

4.03    Each of the foregoing acts, individually or collectively, constitute negligence,

4

which directly and proximately caused the resulting injuries and damages sustained by Plaintiff.

4.04   Plaintiff's injuries and damages arising from Defendants' negligence were not culminated by any contributing fault of his own, but solely the incompetence, inattention, lack of care, disregard, and otherwise unreasonable conduct of Defendants MATTHEW C. MAY and the *M/Y PICKINGARB*, her crew, officers, agents, servants, and/or employees.

### *Count II:  General Maritime Negligence Per Se*

4.05   Plaintiff re-alleges each and every allegation set forth in Paragraphs 3.01 – 3. 03 above.

4.06   At all times material hereto, Defendant MATTHEW C. MAY was operating Defendant *in rem*, *M/Y PICKINGARB*, upon the inland waters of the United States.  All vessels operating upon the inland waters of the United States are governed by the Inland Navigation Rules contained in 33 CFR, Part 83 and the Inland Navigation Rules Act of 1980 and the technical annexes established under that Act.  Defendants had a duty to follow such rules, but disregarded such duty in—among others—the following ways:

- (a)   Failing to act in the ordinary practice of seamen by disregarding dangers of navigation and collision, special circumstances, and the limitations of the *M/Y PICKINGARB*;

- (b)   Failing to maintain a proper look-out by sight, hearing, and all available means appropriate to the prevailing circumstances and conditions;

- (c)   Failing to operate the *M/Y PICKINGARB* at a safe speed;

- (d)   Failing to use all available means appropriate to determine if risk of collision existed, and/or making assumptions regarding the existence of a risk of collision based upon scanty information;

- (e)   Failing to take proper action to avoid the collision;

- (f)   Failing to sound proper signals on the *M/Y PICKINGARB*'s whistle; and

5

(g)     Other acts and omissions in violation of applicable statutes and regulations.

4.07    Each of the foregoing violations, individually or collectively, constitute negligence *per se*, are unexcused, and directly and proximately caused Plaintiff's injuries and damages.

4.08    Plaintiff's injuries and damages arising from Defendants' *per se* negligence were not culminated by any contributing fault of his own, but solely the incompetence, inattention, lack of care, disregard, and otherwise unreasonable conduct of Defendants MATTHEW C. MAY and the *M/Y PICKINGARB*, her crew, officers, agents, servants, and/or employees.

### *Count III:  General Maritime Gross Negligence*

4.09    Plaintiff re-alleges each and every allegation set forth in Paragraphs 3.01 – 3.03 above.

4.10    The condition of the *M/Y PICKINGARB* and her appurtenances, and the unsafe manner in which same was operated at the time of the events giving rise to this lawsuit, exposed Plaintiff to extreme hazards.  Defendants were operating the Vessel at excessive and unsafe speeds at the time of the collision, without regard for the prevailing circumstances and conditions.  Defendants were on notice of the hazardous and dangerous conditions relating to the operation of the Vessel under the prevailing circumstances and conditions.  Nevertheless, Defendants knowingly ignored safety concerns and/or knowledge of hazards relating to the safe navigation of the Vessel, and proceeded with disregard for same.

4.11    Defendants proceeded with knowledge or conscious indifference in not taking preventative and remedial action for the safety and welfare of Plaintiff and others by failing to alleviate the extreme risk posed by the unsafe manner in which Defendants were navigating at

the time of the subject collision.

    4.12    Defendants knew – or should have been aware – a high likelihood existed that an accident would ensue if their conduct continued in the face of such danger, yet decided to disregard same in imposing the dangerous and deplorable conditions of conduct of Defendants upon the rights, safety, and welfare of Plaintiff.

    4.13    Plaintiff's injuries and damages were not culminated by any contributing fault of his own, but solely due to the negligence of Defendants.

## V.
## DAMAGES

*Pecuniary and Non-Pecuniary*

**A.**    **ACTUAL DAMAGES**

    5.01    As a result of these occurrences and negligent acts, Plaintiff sustained severe and permanent injuries to his person. In addition to the expenses incurred by him and incapacity to labor caused by his injuries, he has been put to much expense for treatment; such expense is still continuing and he is unable to state the full amount thereof.

    5.02    Categorical damages which Plaintiff seeks to recover from Defendants include compensation for the following:

    (a)    physical disability sustained by Plaintiff from the date of injury to the time of trial;

    (b)    future physical disability reasonably anticipated to be sustained by Plaintiff in the future;

    (c)    physical pain and suffering sustained by Plaintiff from the date of injury to time of trial;

    (d)    physical pain and suffering which is reasonably anticipated to be suffered by

        Plaintiff in the future;

(e)      loss or earnings sustained by Plaintiff from the date of injury to time of trial;

(f)      loss of earnings and earning capacity reasonably anticipated to be suffered by Plaintiff in the future;

(g)      reasonable and necessary medical expenses incurred by Plaintiff in the treatment of Plaintiff's injuries from the date of injury to time of trial;

(h)      reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiff in the future for treatment of Plaintiff's injuries;

(i)      past and future physical disfigurement; and

(j)      past and future physical impairment.

5.03    In addition to the foregoing, Plaintiff seeks to recover the value of damages to his boat, including the loss of electronics, personal property, equipment, etc. as a result of the subject collision.

**B.    PUNITIVE DAMAGES**

5.04    Defendants' deliberate wrongdoing amounts to gross negligence so as to show a callous disregard for the rights of others, entitling Plaintiff to punitive damages under general maritime law.

5.05    Accordingly, pursuant to Article 3, Section 2, Clause 1 of the United States Constitution, Plaintiff seeks punitive or exemplary damages in an amount not less than THREE TIMES COMPENSATORY DAMAGES. Defendants' course of conduct justifies – and, indeed, requires – imposition of exemplary/punitive damages against them in order to punish and discourage their above-described harmful and egregious behavior in the future.

## VI.
## **INTEREST**

6.01    Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## VII.
## **PRAYER**

**WHEREFORE,** Plaintiff prays:

(a) That process in due form of law according to the practice of this Honorable Court issue against Defendants summoning each to appear and answer, all and singular, the matters aforesaid;

(b) That a warrant for the arrest of the *M/Y PICKINGARB* may issue, and that all persons claiming any interest may be cited to appear and answer this matter;

(c) That a judgment may be entered in favor of Plaintiff, ALBERT TRAVIS SPAULDING, in an amount of each claim to be determined, with interest and costs, and that the *M/Y PICKINGARB* may be condemned and sold to pay the same;

(d) That upon final hearing, Plaintiff have judgment against Defendants named herein, both jointly and severally;

(e) That Plaintiff have pre-judgment and post-judgment interest and all costs of Court; and

(f) That Plaintiff may have such other and further relief as the Court and justice may deem just and appropriate under the circumstances of the cause.

                Respectfully submitted,

                GILMAN ✳ ALLISON LLP

                */s/ Brenton J. Allison*
                Brenton J. Allison
                Texas Bar No. 24040417
                Federal I.D. No. 36863
                ballison@gilmanallison.com
                Douglas T. Gilman
                Texas Bar No. 24048496
                Federal I.D. No. 596954
                dgilman@gilmanallison.com
                Michael S. Prejean
                Texas Bar No. 24092993
                Federal I.D. No. 2513911
                mprejean@gilmanallison.com
                2005 Cullen Blvd.
                Pearland, Texas  77581
                Telephone:  (888) 225-5767
                Facsimile:   (866) 543-3643

                **ATTORNEYS FOR PLAINTIFF**

**OF COUNSEL:**

GILMAN ✳ ALLISON LLP

William H. Alberts
Texas Bar No. 00971500
*Pro Hac Vice Motion to be Submitted*
LAW OFFICE OF WILLIAM H. ALBERTS
3105 Thousand Oaks Dr.
Austin, Texas  78746-7870
Telephone: (512) 751-6398