UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **ALBERT TRAVIS SPAULDING** | § | **CIVIL ACTION NO. 2:18CV322** |
| **V.** | § | |
| | § | **IN ADMIRALTY - 9(H)** |
| **MATTHEW C. MAY,** *IN PERSONAM,* **AND M/Y PICKINGARB, HER ENGINES, TGACKLE, EQUIPMENT, ELECTRONICS, RIGGING, FURNITURE, APPURTENANCES, ETC.,** *IN REM* | § | |

**PLAINTIFF'S AMENDED ANSWER TO
MATTHEW MAY'S COUNTERCLAIM**

Plaintiff/Counter-Defendant, Albert Travis Spaulding ("Spaulding"), files this Amended Answer to Matthew C. May's ("May") Counterclaim, and shows as follows:

**FIRST DEFENSE**

Spaulding answers the allegations using the same numbering as used in the Counterclaim and would show as follows:

39. This paragraph requires no response.

40. Admitted.

41. Denied that the Victoria Division is a more proper division. The remainder of this paragraph is admitted.

42. Admitted.

43. Spaulding does not have sufficient information to admit or deny this paragraph.

44. Admitted that on the evening of August 24, 2018 May was proceeding down the Intracoastal Waterway ("ICW") near Port O'Connor, Texas in the M/Y

- 2 -

PICKINGARB. The remainder of this paragraph is denied.

45. Admitted that Spaulding was in his Majek bay boat in the ICW with his adult step-son and minor son aboard. Admitted that May's vessel collided with Spaulding's vessel, which caused Spaulding's vessel to sink. The remainder of the paragraph is denied.

46. Admitted that the United States Coast Guard ("USCG") responded to the collision and rescued Spaulding and his sons and that the Texas Parks & Wildlife Department salvaged Spaulding's vessel. The remainder of this paragraph is denied.

47. Denied, including each sub-part.

48. Denied.

49. Denied, including each sub-part.

50. Denied.

51. Denied.

Denied in its entirety that May is entitled to the relief prayed for in the last, unnumbered paragraph.

## SECOND DEFENSE

Without waiving any of the foregoing, but still insisting upon the same, for further answer and as a separate defense, if any be necessary, Spaulding denies that May sustained any damage as alleged in the Counterclaim. However, should it be found that May was damaged as alleged, such damages were proximately caused and/or occasioned, in whole or in part, by May's own acts, omissions, negligence, and/or negligence per se. Accordingly, May's recovery, if any, should be barred or

diminished by his own contributory negligence and comparative fault.

### THIRD DEFENSE

Without waiving any of the foregoing, and in the alternative, Spaulding asserts that if May was damaged as alleged, he has failed to mitigate his damages and/or engaged in conduct to exacerbate his damages, and May's award, if any, should be reduced in accordance with that failure and/or conduct.

### FOURTH DEFENSE

Without waiving any of the foregoing, and in the alternative, Spaulding asserts that to the extent the Court finds May is entitled to damages, which is denied, Spaulding maintains it is entitled to set off and/or reduction of damages for depreciation and/or pre-existing damage or condition.

### FIFTH DEFENSE

Without waiving any of the foregoing, and in the alternative, the actions of Spaulding complained of were under circumstances under which the legal actions of sudden emergency and/or actions in extremis may apply.

### SIXTH DEFENSE

Without waiving any of the foregoing, and in the alternative, Spaulding asserts the rule of *Robins Dry Dock Co. v. Flint*, to the extent May does not have a proprietary interest in the property.

### SEVENTH DEFENSE

Without waiving any of the foregoing, and in the alternative, May's injuries and damages, if any, occurred without cause by circumstances or fault within Spaulding's privity or knowledge, the amount of damages sued for in the

Counterclaim exceed the amount or value of Spaulding's interest in the vessel, and Spaulding accordingly invokes the benefits of the provisions of the Shipowners' Exoneration and Limitation of Liability Act (46 U.S.C. §§ 30501, *et seq.*), under which provisions Spaulding is entitled to exoneration from such liability, or, in the alternative, is entitled to limit his liability to the value of the vessel at the conclusion of the voyage on which May allegedly sustained injuries or damages, even if Spaulding is found liable for the reasons set forth in the Counterclaim, which liability is specifically denied.

## EIGHTH DEFENSE

Spaulding is entitled to credit and/or setoff for any settlement that the allegedly damaged party may reach with other persons in connection with the matters in dispute, and for any benefits, collateral sources, or other sources of setoff or recoupment available to the allegedly damaged party; and Spaulding accordingly claims such setoffs, credits, and recoupments as may be allowed by law.

## NINTH DEFENSE

Spaulding will show that May is presumed to be at fault by virtue of the legal presumption that arises when a moving vessel strikes a stationary object.

## TENTH DEFENSE

Spaulding will show that May is presumed to have caused the aforementioned casualty by virtue of the *Rule of Pennsylvania*, in that May violated numerous statutory rules.

## ELEVENTH DEFENSE

Spaulding will show that his boat was open, obvious, and well- and properly lit

and also would have been readily visible on radar on the night of the incident.

## TWELFTH DEFENSE

Spaulding reserves the right to raise additional affirmative defenses under the Federal Rules of Civil Procedure 12(b) and 8(c) as may be necessary by the discovery of additional facts.

**WHEREFORE**, Spaulding, having fully answered and having pled affirmatively, again denies that May is entitled to a judgment against it in any amount, on any basis, and again demands that May's Counterclaim be dismissed with prejudice and with all costs taxed to May.

Respectfully submitted,

BY:   */s/ Michael E. Streich*
Michael E. Streich
Texas Bar No. 24079408
Federal ID No. 1339959
Marc G. Matthews
Texas Bar No.: 24055921
Federal ID No. 705809
500 Dallas Street, Suite 1300
Houston, Texas 77002
Telephone: 713-626-1386
Telecopier: 713-626-1388
Email: marc.matthews@phelps.com
Email:michael.streich@phelps.com

**ATTORNEYS FOR ALBERT TRAVIS SPAULDING**

- 6 -

## CERTIFICATE OF SERVICE

    I certify that on the 5th day of April 2019, a true and correct copy of the foregoing was served on all parties using the CM/ECF system.

                */s/ Michael E. Streich*
                Of Phelps Dunbar, LLP

PD.25822888.1